UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHELL HAYES**                                                          **CIVIL ACTION**

**VERSUS**                                                                 **NO. 22-5254**

**ALL COAST, LLC**                                                         **SECTION B(5)**

### ORDER & REASONS

Considering parties' joint motion to continue trial date (R. Doc. 18),

**IT IS ORDERED** that the motion is **DENIED**. Parties forecast possible motions for contempt and to compel the depositions of three witnesses. Such motions if filed would automatically be referred to Magistrate Judge North for his consideration. *See* L.R. 72.1(A).

We will not prejudge the effect of noted "possible" motions. **However**, parties are cautioned against sitting on their rights to file motions seeking relief from noncompliant witnesses and parties. Untimely filed motions, especially for discovery on the eve of pertinent court-ordered deadlines, create possible consequences on the analysis of subsequently filed continuance motions.

Further, Fed. R. Civ. P. 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing

1

'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)).

Without marshalling case law, parties indicate that good cause exists because the three witnesses "are the only known witnesses besides Hayes to the facts underlying the claims in this litigation" and further discovery is necessary on the issue of maritime subject matter jurisdiction. Discovery-related motions are, as an initial matter, for the consideration of the magistrate judge – a well-experienced and trusted judicial officer.

Notably, the only motion to compel filed in this action thus far has been All Coast, LLC's motion for discovery from Michael Hayes, plaintiff, in June 2023. R. Doc. 9. An order granting that motion was issued by Magistrate Judge North in July 2023. R. Doc. 16. About four months later, the instant continuance motion was filed in November 2023. (R. Doc. 18).

Based on the current record, parties have not shown good cause for continuance of the January 22, 2024 trial date. (R. Doc. 8). Despite the latter concern, parties should expedite completion of all discovery, including the filing of expedited motions for sanctions, contempt and discovery from noncompliant witnesses. If needed and justified for limited purposes, an extension of pretrial

2

discovery and dispositive motion deadlines might be a possible remedy.

New Orleans, Louisiana, this 28th day of November, 2023

                                                  _____
                                                  SENIOR UNITED STATES DISTRICT JUDGE